IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| THE COLLECTION, LLC, ) | |
| ) | Case No. 4:09CV00007 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | |
| VALLEY BANK, et al., ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendants. ) | |
| ) | |

Before me is Defendant Valley Bank's Motion to Dismiss or, in the alternative, Motion for More Definite Statement. I heard oral argument on this motion on July 9, 2009, and it has been briefed by the parties. This matter is now ripe for decision. For the reasons given below, I will **DENY** Defendant Valley Bank's Motion to Dismiss and **DENY** Defendant Valley Bank's Motion for More Definite Statement.

## **I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff The Collection, LLC ("The Collection") filed suit against Valley Bank and Scott Newcomb Motors, LLC on March 20, 2009. The suit alleges breach of contract, tortuous interference with contract, conversion, misrepresentation and business conspiracy with regard to Scott Newcomb Motors, LLC's ("SNM") purchase of used vehicles from The Collection in November and December of 2008, and Valley Bank's conversion of these vehicles.[1] (Compl. ¶ 1.) Plaintiff has raised five specific claims against Valley Bank: Count II, Tortious Interference

---

[1] Plaintiff The Collection is a Florida limited liability corporation with its principal place of business in Florida. Defendant Valley Bank is a Virginia corporation with its principal place of business in Virginia and Defendant Scott Newcomb Motors ("SNM") is a Georgia limited liability company with its principal place of business in Virginia. Since the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00,

1

with Contract; Count III, Conversion; Count IV, Intentional and Negligent Misrepresentation; Count V, Common Law Conspiracy; and Count VI, Statutory Conspiracy.

Plaintiff The Collection, a used automobile wholesaler, alleges a long time standing relationship in which The Collection sold and delivered cars to SNM. (Compl. ¶ 7.) The Collection alleges that it had an established course of dealing with SNM where SNM would document each purchase by issuing a signed draft to The Collection identifying the particular vehicle at issue and the purchase price for that vehicle. (Compl. ¶ 12.) The dispute in this case involves the contractual rights of Valley Bank and The Collection to the possession of fifteen (15) vehicles which The Collection delivered to SNM's place of business in Bassett, Virginia. (Compl. ¶ 18.) The Collection asserts an ownership interest in the vehicles, which Plaintiff delivered to SNM in the months before SNM became insolvent. SNM did not compensate The Collection for the 15 vehicles at issue in this dispute. (Compl. ¶ 20.) Once the 15 vehicles in question were delivered by The Collection to SNM, Valley Bank swept SNM's accounts, which caused several checks issued by SNM to The Collection to be dishonored. (Compl. ¶ 20.) Valley Bank provided financing to SNM and retained a perfected security interest in SNM's used car inventory.[2] Due to SNM's default under its financing agreement, Valley Bank took possession of SNM's used car inventory, which presumably included the 15 vehicles delivered to SNM by The Collection. (Compl. ¶ 27.)

Valley Bank's security interest arises out of its agreement to provide floor-plan financing

---

this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

[2] The Complaint alleges that Valley Bank provided floor-plan financing to SNM. (Compl. ¶ 9.) Under a typical floor-plan arrangement, the dealer requests financing for a particular vehicle, and the financier transfers the funds upon the dealer providing a copy of the title for the vehicle. (Compl. ¶ 10.) The dealer is then required to pay the financier back upon retail sale of the vehicle. The Complaint alleges that the arrangement between SNM and Valley Bank deviated from a typical floor-plan arrangement in that Valley Bank would advance funds for the purchase of individual vehicles without SNM having first provided title. (Compl. ¶ 10.)

2

to SNM. (Compl. ¶ 9.) The Complaint alleges that SNM was having considerable financial difficulty for approximately eight months prior to December 2008 and was selling cars "out of trust." (Compl. ¶ 16.) This "out of trust" method means not using the generated income from the retail sale of a vehicle to pay off Valley Bank's financing for that vehicle. (Compl. ¶ 16.) When The Collection sent a representative, Mike George, to the SNM dealership to reclaim the 15 vehicles for which it was not paid, it discovered that SNM had sold four of the vehicles, and that only eleven of the vehicles at issue remained on SNM's lot. (Compl. ¶¶ 21-22.) Valley Bank representatives made representations to The Collection regarding Valley Bank's willingness to work with The Collection and to minimize the financial harm to both parties. (Compl. ¶ 24.) In reliance on Valley Bank's representations, The Collection left the vehicles on the lot and attempted to work with Valley Bank and SNM to resolve the issues arising out of SNM's financial position. (Compl. ¶ 25.) When The Collection notified Valley Bank of its intention to reclaim the remaining eleven vehicles, Valley Bank went ahead and reclaimed the vehicles itself, along with SNM's entire used car inventory, pursuant to its perfected security interest. (Compl. ¶¶ 26-27.) Valley Bank has also denied The Collection's attempts to reclaim the eleven vehicles.

On April 28, 2009, Defendant Valley Bank filed a Rule 12(b)(6) Motion to Dismiss, or in the alternative, Motion for a More Definite Statement. On May 12, 2009, The Collection filed a Memorandum in Opposition to Valley Bank's motion and Valley Bank filed a timely Reply Memorandum on May 19, 2009.

## II.     STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint

3

some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D. Va. 1996) (internal quotation omitted). When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level," or else dismissal is appropriate. *Id.*

If a pleading is so vague or ambiguous that a responsive pleading cannot be prepared, the responding party need not serve a response, but may instead move the court for an order directing the pleader to serve a more definite statement. *See* Fed. R. Civ. P. 12(e). The Rules require the pleader to serve only a short, plain statement showing an entitlement to relief. Fed. R. Civ. P. 8(a). Due to the liberal pleading requirements in federal court, motions for a more definite statement are generally disfavored and granted only sparingly. *See McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34 (D.D.C. 2007).

## III.   DISCUSSION

Rule 8(a) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Supreme Court has stated that while a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must adequately provide the grounds for his "entitlement to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In

4

*Twombly*, the Supreme Court stated that factual allegations must raise the right to relief above the mere "speculative level." *See id.* A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *See id.*; *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

    A.    <u>Defendant Valley Bank's Motion to Dismiss</u>

Valley Bank asserts that The Collection's Complaint does not specifically identify the 15 vehicles at issue in any cognizable manner. Valley Bank also argues that the Complaint does not set forth any facts which establish The Collection's alleged right of reclamation over Valley Bank's perfected security interest in the vehicles. The Complaint also does not set forth facts sufficient to support The Collection's claims against Valley Bank because each cause of action is predicated upon The Collection having a right of reclamation superior to Valley Bank's security interest in the 15 vehicles. According to Valley Bank's motion to dismiss, the omission of the specific dates of delivery and demand for reclamation renders the Complaint insufficient under the *Twombly* heightened pleading standard. The Collection must establish though factual allegations the validity of its reclamation rights, not just assert that Valley Bank interfered with its right to reclamation.

After reviewing Valley Bank's Motion to Dismiss, I find that The Collection has alleged enough in its Complaint to raise its right to relief above the mere speculative level. The function of a motion to dismiss is to test the sufficiency of a complaint; importantly, it does not resolve factual disputes, the merits of a claim, or the applicability of defenses. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S. 828 (1993). As stated by the Supreme Court in *Twombly*, all the allegations in the Complaint are assumed true, even if doubtful in fact. *See Twombly*, 550 U.S. at 555. *Twombly* states that the complaint must plead

5

facts that give rise to a "reasonably founded hope that the [discovery] process will reveal relevant evidence" to support the claim. *See id.* at 559 (citations omitted). I find that The Collection has met the required burden in this case to survive a Rule 12(b)(6) motion to dismiss.

The Collection alleges that Valley Bank knew that SNM was selling cars out of trust, and thereby engaged in a scheme with SNM to entice The Collection to sell the 15 vehicles to SNB. (Compl. ¶¶ 16-17.) The Collection contends that Valley Bank did this with the intent of "sweeping" SNM's accounts and taking possession of SNM's entire used car inventory, knowing it had a perfected security interest in the inventory. (Compl. ¶ 20.) The Collection also alleges misrepresentation on the part of Valley Bank in misleading their representative, Mike George, in that Valley Bank was going to attempt to work with The Collection to ensure payment, as long as The Collection did not reclaim the vehicles in question. (Compl. ¶¶ 23-24.) The Complaint asserts that Valley Bank indicated a willingness to work with The Collection, inducing The Collection to refrain from reclaiming the vehicles so that Valley Bank could reclaim the vehicles first by way of its priority security interest in SNM's inventory. (Compl. ¶¶ 25-27.) Although The Collection may have some difficulty proving the specific allegations contained in the Complaint, this discussion is more appropriate at the summary judgment stage. After all, the requisite "plausibility" required to survive a Rule 12(b)(6) motion to dismiss is not measured by a likelihood of success. *See Twombly*, 550 U.S. at 555; *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, I conclude that The Collection's Complaint demonstrates grounds for its entitlement to relief, thereby giving Valley Bank notice of what the claim is and the grounds upon which it rests.

At oral argument, the parties engaged in a discussion regarding the ten day limit within

which a seller may reclaim goods delivered on credit to an insolvent buyer.[3] Although Virginia has almost universally adopted the Uniform Commercial Code ("UCC"), it is important to note that Virginia law governs in this case. Although The Collection asserted that the UCC has moved away from the ten day limit within which a seller may reclaim tendered goods from a buyer, Virginia still retains the ten day rule. *See* Va. Code Ann. §§ 8.2-507, 8.2-702 (2009). I also note that Valley Bank's argument that The Collection failed to assert its right of reclamation within the required ten day period is a defense. Since the summary judgment stage is the appropriate time to discuss and evaluate such defenses, I render no opinion as to which party has the superior interest or whether The Collection sufficiently exercised its right of reclamation pursuant to Virginia law. I also make no finding regarding the significance of delivery of title, or lack thereof, on the seller's right of reclamation in this case.

I also find that Valley Bank improperly went outside the scope of the Complaint in attaching a security agreement and financing statement to its Memorandum in support of its Motion to Dismiss. A Rule 12(b)(6) motion to dismiss does not permit the Court to look outside the four corners of the complaint. Indeed, if this Court considers matters outside the complaint, it must convert the motion into a motion for summary judgment. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). When considering "matters outside the complaint," the general rule employed by courts is that when a plaintiff fails to introduce a pertinent document as part of the complaint, the defendant may attach the document to a motion to dismiss. *See Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995). This encompasses not only documents quoted, relied upon, or incorporated by reference

---

[3] It is a matter of dispute as to whether The Collection and SNM engaged in a cash or credit transaction for the 15 vehicles in question. This determination should not be made until after the parties have completed discovery and

7

in the complaint, but also official public records pertinent to the plaintiffs' claims.[4] *See id.*; *see also Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).

I also conclude that the contracts or arrangements between The Collection and SNM are not necessary to survive a Rule 12(b)(6) motion to dismiss. At the pleading stage, the material allegations of the complaint are taken as admitted. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Therefore, an allegation that a contract existed is sufficient to allege the existence of a contract. The facts regarding The Collection's alleged relationship with SNM, whether contractual or not, can be obtained during the discovery process and are not necessary to construct a response to the Complaint. Accordingly, I find that The Collection has sufficiently satisfied the Rule 8(a) pleading standard of putting Valley Bank on notice of its claims and the grounds for those claims. The facts pled in the Complaint, taken in a light most favorable to the nonmoving party, give rise to a reasonable belief that the discovery process will reveal relevant evidence supporting the claim.

B.      Defendant Valley Bank's Motion for More Definite Statement

Valley Bank also asks the Court to order The Collection to provide a more definite statement of its claims to enable Valley Bank to adequately evaluate The Collection's claims and determine its available defenses. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Thus, if a pleading is so vague or ambiguous that a responsive pleading cannot be prepared, the responding party may move the

---

sufficient facts are before the Court. Regardless, this issue is not appropriate for a Rule 12(b)(6) motion to dismiss analysis.

court for an order directing the pleader to service a more definite statement. In its Motion to Dismiss or, in the alternative, Motion for a More Definite Statement, Valley Bank asks the Court to order The Collection to attach to its Complaint the relevant contracts with SNM upon which The Collection's claims are premised. Valley Bank also asserts that the Complaint should identify the specific vehicles in question.

It is clear from the relevant case law that motions for more definite statements under Rule 12(e) are intended for situations where pleadings are so unclear that drafting a response to them is practically impossible. As a disfavored remedy, motions for a more definite statement should only be granted were the pleading is unintelligible or the meaning is unclear. Clearly, the court and the litigants are entitled to know, at the pleading stage, who is being sued, why, and for what. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). Rule 12(e) motions are not a substitute for discovery, and ordinarily will not be granted where the information sought could be obtained in discovery. *See McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34-35 (D.D.C. 2007); *Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990).

I hold that The Collection has met the "notice" pleading standard of setting forth a short and plain statement showing an entitlement to relief. *See* Fed. R. Civ. P. 8(a). It is clear in this case who is being sued, why, and for what. The Complaint is not vague, ambiguous or unintelligible to such a degree that Valley Bank cannot frame an adequate response or denial. Furthermore, I believe that much of the information Valley Bank seeks can be obtained through ordinary methods of discovery. Specifically, Valley Bank desires copies of the contractual agreements between The Collection and SNM which is the basis for The Collection's

---

[4] The one limitation to this general rule is that the document must be one of unquestioned authenticity. *See Gasner*, 162 F.R.D. at 282.

reclamation/possession claim.  Valley Bank also wants the vehicle numbers to identify the specific vehicles in question.  As stated in *Frederick*, a motion for a more definite statement "is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion should be denied." *Frederick*, 727 F. Supp. at 1021.  After careful review of the Complaint, I conclude that it is not so vague and ambiguous that Valley Bank cannot respond.  Valley Bank is on fair notice of the claims against it, and Valley Bank will have ample opportunity to obtain the additional information it seeks through discovery.

## IV. CONCLUSION

For the reasons stated above, I will **DENY** Defendant Valley Bank's Motion to Dismiss and **DENY** Defendant Valley Bank's Motion for More Definite Statement.  An appropriate Order will be entered.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 31st day of July, 2009.

s/Jackson L. Kiser
Senior United States District Judge

10